**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 05 2013, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BENNIE GAVIN,                                          )
                                                      )
    Appellant-Defendant,                              )
                                                      )
        vs.                                    )    No. 49A05-1211-CR-00565
                                                      )
STATE OF INDIANA,                                     )
                                                      )
    Appellee-Plaintiff.                               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ-Garcia, Judge
Cause No. 49F24-1107-FD-48508

**June 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Bennie Gavin appeals his convictions of operating a vehicle while intoxicated, a Class D felony, and operating a vehicle with an alcohol concentrate equivalence ("ACE") of 0.15 or more, a Class D felony, and his habitual substance offender enhancement. Gavin raises the following restated issues for our review: 1) whether the evidence was sufficient to sustain his operating while intoxicated conviction and habitual substance offender enhancement, and 2) whether his convictions for operating while intoxicated and operating with an ACE of 0.15 or more violate principles of double jeopardy. Concluding that the evidence was sufficient but there was a double jeopardy violation, we affirm in part, reverse in part, and remand.

## Facts and Procedural History

On July 7, 2011, Gavin rear-ended a car driven by Cynthia Goedesky after she pulled in front of him. Tobias Dennison, a security guard at a nearby food pantry, approached the crash scene. When he leaned into Gavin's car to make sure the occupants of the car[1] were okay, he smelled the odor of alcohol. Dennison and Goedesky both called police to report the accident. About forty-five minutes later, Gavin flagged down Officer Timothy Elliot who was driving by. Officer Elliot noticed that a strong odor of alcohol was coming from Gavin's breath and person, and that he had a "little bit of a slurred speech," bloodshot and glassy eyes, and unsteady balance. Transcript at 63. Gavin told him that he had not been drinking that day but that he had been drinking the night before. Gavin failed two field sobriety tests and refused to perform a third sobriety test. Officer Elliot began to read Gavin the Indiana implied consent law but was unable

---

[1] There was a female passenger riding along with Gavin.

2

to finish doing so because Gavin was angry and yelling. Gavin was then arrested and transported to Wishard Hospital. Officer Robert Ferguson read Gavin the implied consent law at Wishard but Gavin refused to take the chemical test. After obtaining a warrant, a blood test was performed, showing that Gavin had an alcohol concentration of 0.18 grams per 100 milliliters of blood.

The State charged Gavin with operating a vehicle while intoxicated in a manner that endangers a person, as a Class A misdemeanor and as a Class D felony because of a prior conviction; operating a vehicle with an ACE of 0.15 or more, as a Class A misdemeanor and as a Class D felony because of a prior conviction; and driving while suspended, a Class A misdemeanor; and filed an habitual substance offender enhancement.[2] A multi-phase jury trial took place. Gavin testified that he had not had anything to drink since 2008 and explained that the accident took place due to Goedesky pulling in front of him suddenly. He also testified that he had a liver condition that caused his eyes to be red and glassy. Gavin was convicted of operating a vehicle while intoxicated, a Class D felony,[3] and operating a vehicle with an ACE of 0.15 or more, a Class D felony,[4] and determined to be an habitual substance offender.[5] The trial court sentenced Gavin to two years for operating a vehicle while intoxicated and enhanced his

---

[2] Gavin was also charged with public intoxication but that charge was dismissed prior to trial.

[3] The jury found Gavin guilty of the lesser included offense of operating a vehicle while intoxicated, a Class C misdemeanor, Ind. Code § 9-30-5-2(a), and of operating a vehicle while intoxicated with a prior conviction of operating while intoxicated, a Class D felony, Ind. Code § 9-30-5-3(a), but the trial court merged these two counts.

[4] The jury found Gavin guilty of operating a vehicle with an ACE of 0.15 or more, a Class A misdemeanor, Ind. Code § 9-30-5-1(b), and of operating a vehicle with an ACE of 0.15 or more with a prior conviction of operating while intoxicated, a Class D felony, Ind. Code § 9-30-5-3(a), but the trial court merged these two counts.

[5] The jury found Gavin not guilty of driving while suspended.

sentence by three years for being an habitual substance offender for a total sentence of five years. Gavin now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Sufficiency of Evidence

### A. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

### B. Operating While Intoxicated

Gavin argues that the evidence was insufficient to sustain his conviction of operating a vehicle while intoxicated in violation of Indiana Code section 9-30-5-2(a). Intoxication is defined as being "under the influence of (1) alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. The State is required to establish that the defendant was impaired, regardless of his blood alcohol content. Fields v. State, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008). Impairment can be established by presenting evidence of the following:

> (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech.

Id. at 307 (quoting Ballinger v. State, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999)).

Here, the State relied upon the testimony of three witnesses to establish that Gavin was impaired. Dennison testified that he smelled alcohol when he leaned into Gavin's vehicle. Officer Elliot testified that he observed that Gavin had a strong odor of alcoholic beverage on his breath and person, slurred speech, bloodshot and glassy eyes, and unsteady balance. Gavin also failed two field sobriety tests administered by Officer Elliot. Finally, Officer Ferguson testified that he noticed an odor of alcohol coming from Gavin and that he had slurred speech and watery and bloodshot eyes. This evidence was sufficient to satisfy the State's burden of proving that Gavin was intoxicated beyond a reasonable doubt. See id. at 307-08 (finding evidence that the defendant smelled of alcohol, had slurred speech, had a dazed look, had red and watery eyes, and failed three field sobriety tests was sufficient to sustain his operating while intoxicated conviction).

In his brief, Gavin points to alleged differences between his conduct and that of the defendant in Staley v. State, 895 N.E.2d 1245 (Ind. Ct. App. 2008), trans. denied.[6] He argues that unlike the defendant in Staley, he sought police help after the accident, did not attempt to elude the police, and did not stagger from or lean on his car during his interaction with the police. However, the State was not required to prove that Gavin did not seek help, eluded police, or staggered from the car in order to satisfy its burden of

---

[6] We note that in Staley, the defendant was convicted of operating while intoxicated in a manner that endangered a person, a Class A misdemeanor, 895 N.E.2d at 1251, while, here, the jury found Gavin guilty of the lesser included offense of operating while intoxicated, a Class C misdemeanor. As noted above, Gavin's conviction was elevated to a Class D felony due to his prior operating while intoxicated conviction.

proving that Gavin was intoxicated.[7]   More importantly, this argument is simply an invitation for us to reweigh the evidence and assess the credibility of the witnesses, which we cannot do on appeal.  See id. at 1251.  The evidence was sufficient to sustain Gavin's conviction of operating while intoxicated.

### C.  Habitual Substance Offender

Gavin also argues that the State failed to prove that he is an habitual substance offender.  The habitual substance offender statute provides that a person who commits two prior unrelated substance offenses is subject to a sentence enhancement of three to eight years upon a conviction for a third unrelated offense.  See Ind. Code § 35-50-2-10. Gavin does not contest that he has two prior unrelated substance offenses.  Instead, he argues that because of the allegedly insufficient evidence supporting his operating while intoxicated conviction in this case—which was relied upon by the State as the third unrelated substance offense—his habitual substance offender enhancement cannot stand. Having concluded that the evidence was sufficient to support Gavin's operating while intoxicated conviction, it follows that the evidence was sufficient to prove his habitual substance offender enhancement.  We therefore affirm both convictions.

### II.  Double Jeopardy

### A.  Standard of Review

We generally consider the issue of whether multiple convictions violate double jeopardy to be a matter of law for de novo review by appellate courts.  See Spears v.

---

[7] In fact, Officer Elliot testified that Gavin had unsteady balance and that his hand consistently touched his car as he approached him.

6

State, 735 N.E.2d 1161, 1166 (Ind. 2000).  The analysis of double jeopardy claims under the Indiana Constitution is governed by Richardson v. State, 717 N.E.2d 32, 50-52 (Ind. 1999), in which our supreme court set forth the statutory elements test and the actual evidence test.  And "[e]ven where no constitutional violation has occurred, multiple convictions may nevertheless violate the 'rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson.'"  Vandergriff v. State, 812 N.E.2d 1084, 1088 (Ind. Ct. App. 2004) (citing Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002)), trans. denied.  These rules fall within five categories, which were first enumerated by Justice Sullivan in his concurrence in Richardson.  See id. at 1088.

## B.  Same Act

Gavin argues, and the State concedes, that his convictions for operating while intoxicated and operating with an ACE of 0.15 or more violate principles of double jeopardy.  While the parties disagree as to which principle of double jeopardy these convictions violate, we find persuasive the State's argument that because the same behavior—operating a vehicle while intoxicated—formed the basis for both convictions, they fall within the category described by Justice Sullivan in his concurrence in Richardson as "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished."  717 N.E.2d at 55 (Sullivan, J., concurring).  A violation of double jeopardy principles requires that we vacate the conviction with the less severe penal consequences.  Moala v. State, 969 N.E.2d 1061, 1065 (Ind. Ct. App. 2012).  In this case, both convictions were

Class D felonies, but the trial court did not sentence Gavin for operating a vehicle with an ACE of 0.15 or more. See id. at 1066 ("the severity of the penal consequences has largely been determined by the class of crime or by the length of the sentence imposed"). We therefore remand to the trial court with instructions to vacate the operating with an ACE of 0.15 or more conviction and leave the operating while intoxicated conviction standing.

## Conclusion

The evidence was sufficient to sustain Gavin's operating while intoxicated conviction and his habitual substance offender enhancement. However, as the State concedes, his convictions for operating while intoxicated and operating with an ACE of 0.15 or more violate double jeopardy principles. Thus, we reverse and remand with instructions for the trial court to vacate Gavin's conviction for operating a vehicle with an ACE of 0.15 or more, but affirm in all other respects.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and CRONE., J., concur.

8