## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 11 2016, 8:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# I N

# T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juan Duran,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 11, 2016<br><br>Court of Appeals Case No.<br>02A04-1601-CR-65<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D06-1506-F6-504 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Juan Duran (Duran), appeals his convictions for Count I, attempted residential entry, a Level 6 felony, Ind. Code § §35-43-2-1.5; -41-5-1; Count II, criminal recklessness, a Class B misdemeanor, I.C. § 35-42-2-2(a); and Count III, criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a).

We affirm in part, reverse in part, and remand with instructions.

## ISSUE

Duran raises one issue on appeal, which we restate as: Whether double jeopardy protections were violated when Duran was convicted of attempted residential entry, criminal recklessness, and criminal mischief.

## FACTS AND PROCEDURAL HISTORY

Duran and Jessica Lopez (Lopez) had a son, M.L. (the Child). The two were not married, and Lopez had primary custody of the Child. Because there was no custody agreement, Duran would visit the Child at least once every month and pick up the Child from Lopez's house. On February 23, 2015, at approximately 5:00 p.m., Lopez was at home making dinner for her four children, including the Child. Duran visited, in accordance with his usual routine before picking up the Child, Duran went into the living room to play with Lopez's other son, I.L., who was autistic. Lopez saw Duran cornering I.L. and screaming at him. At that point, Lopez asked Duran to leave her house. Duran refused to leave and he pushed Lopez. In turn, Lopez slapped Duran across the face and pushed him out of her house. Lopez hurried back

inside, locked the door, and then put her foot behind the door-jamb. Lopez also asked her children to retrieve her cell phone so that she could call the police.

[5] Angered by Lopez's actions, Duran ran back to the door, opened the screen door, and started kicking the door with his foot. Lopez was still holding the bottom of the door with her foot, but the top part of the door bent inwards due to Duran's forceful kicks. Duran kicked the door about three to four times, and he also kicked the Plexiglas window in the center of the door several times. In the process, the entire window came off and fell into Lopez's residence. The Child, who was standing behind the door, was struck in the face by the Plexiglas. The Child screamed and blood trickled down his face. Upon seeing what he had done, Duran pulled his foot out of the door and ran to his car. Lopez followed him and told him that she was calling the police.

[6] On June 4, 2015, the State filed an Information, charging Duran with Count I, residential entry, a Level 6 felony; Count II, criminal recklessness, a Class B misdemeanor; and Count III, criminal mischief, a Class B misdemeanor. A jury trial was held on December 1, 2015, and at the close of the hearing, Duran was found guilty as charged. On December 17, 2015, the trial court sentenced Duran to one year executed in the Department of Correction for his attempted residential entry conviction, sixty days for his criminal recklessness conviction, and sixty days for his criminal mischief conviction. All sentences were to run concurrently.

Duran now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Duran argues his conviction and subsequent sentence for all three charges—attempted residential entry, criminal recklessness, and criminal mischief—violates double jeopardy principles.

Article I, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense."[1] We determine whether convictions violate this clause by following the two-part test established in *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). First, we evaluate whether the statutory elements of the crimes are the same. *Goldberry v. State*, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005). Then, we evaluate whether the actual evidence used to convict the defendant of the two crimes is the same. *Id*. In *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2001), our supreme court further explained that the actual evidence test is not merely whether the evidentiary facts used to establish one of the essential elements of one offense may also have been used to establish one of the essential elements of a second challenged offense. Rather, the actual evidence test is not violated so long as each conviction requires proof of at least one unique evidentiary fact. *Bald v. State*, 766 N.E.2d 1170, 1172 (Ind. 2002). Thus, even if each charge utilizes the same factual event, no constitutional violation will be found if the second offense requires

---

[1] Duran has not raised a double jeopardy claim under the United States Constitution.

additional evidentiary facts establishing the essential elements. *Vandergriff v. State*, 812 N.E.2d 1084, 1086-87 (Ind. Ct. App. 2004).

[10] Duran contends that his convictions for attempted residential entry, criminal mischief, and criminal recklessness stem from the same evidence. The State agrees with Duran's double jeopardy argument but only with respect to his convictions for attempted residential entry and criminal mischief. The elements of attempted residential entry are met when a person knowingly or intentionally performs a substantial step toward breaking and entering the dwelling of another. I.C. § §35-43-2-1.5; -41-5-1. To convict Duran of criminal mischief as a Class B misdemeanor, the State was required to establish that Duran recklessly, knowingly, or intentionally damaged or defaced property of Lopez without her consent. *See* I.C. § 35-43-l-2(a)(l). Specifically, the State admits that the jury may have relied on the same act, Duran's act of forcefully kicking Lopez's door, to support those convictions. Thus, to remedy this error, we remand with instructions for the trial court to vacate Duran's criminal mischief conviction, the lesser of the two charges. *See Richardson,* 717 N.E.2d at 54 ("When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated.").

[11] With regard to whether Duran's convictions for attempted residential entry and criminal recklessness violate the double jeopardy principles, we find no violation. At issue in this case is the application of the actual evidence test. As

noted above, the elements of Level 6 felony attempted residential entry are met when a person knowingly or intentionally performs a substantial step toward breaking and entering the dwelling of another. I.C. §§ 35-41-5-1; -43-2-1.5. In order to convict Duran of criminal recklessness as charged, the State had to prove that Duran recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to the Child. I.C. § 35-42-2-2(a). A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. I.C. § 35-41-2-2(c).

[12] Based on the foregoing, Duran's argument that his attempted residential entry and criminal recklessness relied on the same actual evidence fails. With respect to his attempted residential entry offense, the State introduced evidence that Duran used his foot to kick Lopez's door. As for his criminal recklessness charge, the State introduced evidence that Duran, with plain, conscious, and unjustifiable disregard to the Child's safety, forcibly kicked Lopez's door and the Plexiglas from the door that injured his son. Because the criminal recklessness conviction required additional proof that Duran, recklessly kicked Lopez's door, his convictions for attempted residential entry, and criminal recklessness did not violate the actual evidence test. *See Richardson*, 717 N.E.2d 54.

Accordingly, we reverse in part and remand to the trial court with instructions to vacate Duran's conviction and sentence for criminal mischief. However, Duran's convictions for residential entry and criminal recklessness remain.

## CONCLUSION

Based on the foregoing, we affirm Duran's convictions for attempted residential entry and criminal recklessness; but we reverse in part and remand to the trial court with instructions to vacate Duran's conviction and sentence for criminal mischief.

Affirmed in part, reversed, in part, and remanded with instructions.

Kirsch, J. and Pyle, J. concur