## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2017, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven James Burns, II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 4, 2017 <br><br> Court of Appeals Case No. 79A02-1701-CR-7 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1608-F2-23 |

**Baker, Judge.**

[1] Steven Burns appeals his convictions for Level 2 Felony Burglary While Armed With a Deadly Weapon[1] and Level 4 Felony Serious Violent Felon in Possession of a Firearm,[2] arguing that his convictions violate Indiana's prohibition against double jeopardy under the state constitution and under common law. Finding no error, we affirm.

## Facts

[2] Around 11 p.m. on August 18, 2016, Burns and his brother Joseph Burns were at Adam Smith's house in Lafayette. Burns, Joseph, and Smith planned to burglarize Jerry Mathews. Around midnight, Mackenzie Sanders picked up the three men and drove them to an area near a bar on Fourth Street. Burns exited the vehicle, went to the back of another vehicle, where he received two firearms, and returned to Sanders's vehicle. Sanders then took Burns, Joseph, and Smith to a street near the home of Jerry and Linda Mathews. The three men walked to the Mathewses' home. They covered the lower half of their faces with bandanas. Burns pulled the two firearms from underneath his sweatshirt and handed one to Joseph and kept one for himself. Burns saw that a window was open, and the three men entered the house through it.

[3] Jerry and Linda Mathews were asleep in their bedroom when the men woke them up around 1:30 a.m. Burns pointed his gun at Jerry's face, demanded that

---

[1] Ind. Code § 35-43-2-1.

[2] Ind. Code § 35-47-4-5.

Jerry give him his money, and threatened to kill him. Burns struck Jerry in the head with his gun, and Jerry fell and began bleeding. Burns then took Jerry into the living room and continued demanding money and threatening Jerry's life. Jerry gave Burns his wallet, and Burns took several rings and watches from the couple. Burns then returned Jerry to the bedroom and told him to stay there while again threatening his life. The three men then left the house.

[4] On August 24, 2016, the State charged Burns with Level 2 felony conspiracy to commit burglary, Level 2 felony burglary while armed with a deadly weapon, two counts of Level 3 felony criminal confinement while armed with a deadly weapon, Level 3 felony robbery while armed with a deadly weapon, Level 3 felony robbery resulting in bodily injury, two counts of Level 5 felony intimidation drawing or using a deadly weapon, Level 5 felony battery with a deadly weapon, Level 4 felony serious violent felon in possession of a firearm, Level 6 felony pointing a firearm, Class A misdemeanor theft, Class A misdemeanor carrying a handgun without a license, an unlawful use of a firearm enhancement, and a habitual offender enhancement. A jury trial took place on October 31 and November 1-4, 2016. The jury found Burns guilty of all charges except Level 5 felony battery with a deadly weapon.

[5] Sentencing took place on November 29, 2016. After merging a number of offenses because of double jeopardy concerns, the remaining convictions for which Burns was sentenced and the sentences the trial court imposed were:

- Thirty years for Level 2 felony conspiracy to commit burglary while armed with a deadly weapon;

- Thirty years for Level 2 felony burglary while armed with a deadly weapon;
- Two and one-half years for each of two convictions for Level 6 felony criminal confinement;
- Sixteen years for Level 3 felony robbery resulting in bodily injury;
- Eight years for Level 4 felony serious violent felon in possession of a firearm; and
- Sixteen years for the habitual offender enhancement.

The trial court ordered Burns's sentence for conspiracy to commit burglary and burglary to run concurrently; his sentences for criminal confinement to run consecutively to each other but concurrently with his sentence for robbery; his sentence for robbery to run consecutively to his sentence for burglary; his sentence for serious violent felon in possession of a firearm to run consecutively to his sentence for burglary; and his habitual offender enhancement to enhance his burglary sentence. In sum, the trial court sentenced Burns to an aggregate term of seventy years. Burns now appeals.

# Discussion and Decision

## I. Double Jeopardy Under the Indiana Constitution

[6] Burns argues that his convictions and sentences for Level 2 felony burglary while armed with a deadly weapon and Level 4 serious violent felon in

possession of a firearm violate Indiana's prohibition against double jeopardy under the state constitution.[3]

[7] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two or more offenses are the same offense in violation of this section "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Double jeopardy is violated when "a defendant's conviction for one crime is enhanced for . . . causing particular additional harm" because that "harm cannot also be used as an enhancement of a separate crime." *Id.* at 56 (Sullivan, J., concurring). When two convictions are found to violate double jeopardy principles, "a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation." *Richardson*, 717 N.E.2d at 54. Whether multiple convictions violate double jeopardy is a question of law, which this Court reviews de novo. *Rexroat v. State*, 966 N.E.2d 165, 168 (Ind. Ct. App. 2012).

[8] Burns argues that these convictions violate the actual evidence test, pursuant to which "the actual evidence presented at trial is examined to determine whether

---

[3] Burns does not make a double jeopardy argument under the federal constitution.

each challenged offense was established by separate and distinct facts." *Id*. "To show that two challenged offenses constitute the 'same offense' in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* To determine what facts were used, we consider the evidence, charging information, final jury instructions, and arguments of counsel. *Goldsberry v. State*, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005).

[9] Here, the record shows that Sanders drove Burns, Joseph, and Smith to an area near a bar on Fourth Street, where Burns obtained two firearms. Later that same night, Burns gave his brother one of the firearms and kept one for himself. The three men then broke into the Mathewses' home; Burns used his firearm during the burglary to threaten and strike Jerry Mathews.

[10] The charging information for carrying a handgun without a license[4] alleged:

> On or about August 19, 2016, in Tippecanoe County, State of Indiana, Steven James Burns II did knowingly or intentionally carry a handgun in a vehicle or on or about his body without being licensed under Indiana Code 35-47-2 to carry a handgun.

---

[4] The trial court merged Burns's conviction for Class A misdemeanor carrying a handgun without a license into his conviction for Level 4 felony serious violent felon in possession of a firearm.

Appellant's App. Vol. II p. 26.  The final jury instruction set out the following for carrying a handgun without a license:

> On or about August 19, 2016, in Tippecanoe County, State of Indiana, Steven James Burns II did knowingly or intentionally carry a handgun in a vehicle or on or about his body without being licensed under Indiana Code 35-47-2 to carry a handgun.

*Id.* at 159.  The State made the following comments during its closing argument of the first phase of the jury trial regarding whether it had proved the required elements of carrying a handgun without a license:

> You heard testimony from [Smith] that [Burns] had a gun with him when the group arrived at [the Mathewses' residence]. Linda and Jerry also both testified that the man in the red mask displayed a firearm.  Now, the next element is being away from the Defendant's dwelling, property, or fixed place of business. . . . Steven Burns is not a resident [of the Mathewses' residence]. . . . [B]ased on review of police records, Steven Burns does not have a license under Indiana law to carry a handgun.  Therefore, the Defendant is guilty [of carrying a handgun without a license].

Tr. Vol. IV p. 85-86.  The closing argument by the State indicates that, in proving this charge, the State primarily relied on the fact that Burns possessed a firearm *before* committing the burglary.  This is significant because the State used this conviction to help prove that Burns was a serious violent felon in possession of a firearm.

[11]  The charging information for serious violent felon in possession of a firearm alleged:

On or about August 19, 2016, in Tippecanoe County, State of Indiana, Steven James Burns II did knowingly or intentionally possess a firearm, to wit: a handgun(s), having been convicted of committing attempting to commit, or conspiring to commit a serious violent felony.

Appellant's App. Vol. II p. 27. The final jury instruction set out the following:

On or about August 19, 2016, in Tippecanoe County, State of Indiana, Steven James Burns II did knowingly or intentionally possess a firearm, to wit: a handgun(s), having been convicted of committing, attempting to commit, or conspiring to commit a felony enumerated in IC 35-47-4-5.

*Id.* at 231. In the third phase of the trial, by which time the jury had already found Burns guilty as charged for carrying a handgun without a license, the State argued in closing that:

Now, you've already evaluated elements 1, 2, and 3 for this offense and so, all that is left for you to do is evaluate the certified prior conviction records for the Robbery, the prior Robbery offense.

Tr. Vol. IV p. 201. The closing argument by the State indicates that it was relying on Burns's conviction for carrying a handgun without a license—for which it primarily relied on the fact that Burns possessed a handgun *before* the burglary—to prove one element of the serious violent felon in possession of a firearm charge. Indeed, the crime of serious violent felon in possession of a firearm was complete before Burns broke into the Mathewses' house because

Burns had two firearms in his possession before committing the crime of burglary.

[12] With respect to the conviction for burglary while armed with a deadly weapon, the charging information alleged:

> On or about August 19, 2016, in Tippecanoe County, State of Indiana, Joseph Ira Burns, Steven James Burns II, and Adam Lane Smith did break and enter the building or structure of another person, to: wit: Jerry Mathews and Linda Mathews, with the intent to commit a felony or theft in it, to wit: Robbery and/or Theft, committed while armed with a deadly weapon, to wit: a handgun(s).

Appellant's App. Vol. II p. 16. The final jury instruction set out the following elements for burglary with a deadly weapon:

> On or about August 19, 2016, in Tippecanoe County, State of Indiana, Steven James Burns II did break and enter the building or structure of another person, to: wit: Jerry Mathews and Linda Mathews, with the intent to commit a felony or theft in it, to wit: Robbery and/or Theft, committed while armed with a deadly weapon, to wit: a handgun(s).

*Id.* at 157. In closing, the State argued to the jury about each piece of evidence supporting each element of burglary before stating that "the offense was committed while armed with a deadly weapon, that being the handgun that Steven Burns had pointed at Jerry Mathews['] head." Tr. Vol. IV p. 92-93. For this conviction, the State relied on the fact that Burns possessed a firearm *during* the burglary.

The charging information, final jury instructions, and especially the State's closing arguments for these three charges show that the jury relied on the facts that Burns possessed two firearms *before* the burglary and one *during* the burglary to convict him of both serious violent felon in possession of a firearm and burglary while armed with a deadly weapon without overlap in the evidence. In short, Burns did not meet his burden of showing a reasonable possibility that the jury used the same possession of a firearm to convict Burns of both charges. Accordingly, we do not find a constitutional double jeopardy violation.

## II. Common Law Double Jeopardy

Burns also argues that the same convictions violate Indiana's prohibition against double jeopardy under common law.

In addition to our constitution, Indiana common law also protects against double jeopardy, and "[e]ven where no constitutional violation has occurred, multiple convictions may nevertheless violate the 'rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Vandergriff v. State*, 812 N.E.2d 1084, 1088 (Ind. Ct. App. 2004) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002)). Five additional categories of double jeopardy exist: (1) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant had been convicted and punished; (2) conviction and

punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (4) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant had been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant had been convicted and punished. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002).

[16] At issue here is the first category in which conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant had been convicted and punished. The record shows that Burns possessed two firearms before the burglary and one during the burglary. Here, the record shows that Sanders drove Burns, Joseph, and Smith to an area near a bar on Fourth Street, where Burns obtained two firearms. Later that same night, Burns gave his brother one of the firearms and kept one for himself. The three men then broke into the Mathewses' home; Burns used his firearm during the burglary to threaten and strike Jerry Mathews. Accordingly, Burns was guilty of the crime of serious violent felon in possession of a firearm before he broke into the Mathewses' house because he possessed two firearms before the three men arrived at the house, and he possessed one while they committed the burglary. In short,

Burns was not punished for mere possession of a firearm twice; he was punished for being a previously convicted felon in *possession* of a firearm and then convicted for *using* that firearm to commit a violent offense. *See Mickens v. State*, 742 N.E.2d 927, 930 (Ind. 2001) ("Carrying the gun along the street was one crime and using it was another"). Burns's argument based on common law double jeopardy is unavailing.

[17]  The judgment of the trial court is affirmed.

Kirsch, J., and Mathias, J., concur.