Ronald PIERCE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–0011–CR–710.

Supreme Court of Indiana.

Jan. 29, 2002.

Susan D. Rayl, Indianapolis, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, for Appellee.

BOEHM, Justice.

Ronald Pierce was convicted of burglary, rape, criminal deviate conduct, robbery, confinement, and being a habitual offender. In this direct appeal, he contends that: (1) the trial court abused its discretion in admitting his confession; (2) the trial court abused its discretion in admitting testimony that Pierce masturbated while he confessed; and (3) Pierce's convictions for burglary and robbery violate the Indiana Double Jeopardy Clause. We remand to the trial court with instructions to reduce the robbery conviction to a Class C felony and otherwise affirm the judgment of the trial court.

**Factual and Procedural Background**

On the morning of July 13, 1999, the victim was writing a note to the UPS man with her door open when a suspicious man approached her home. She attempted to shut the door, but the man, Pierce, had

already entered her home. The victim screamed at Pierce to leave the house and attempted to flee. He chased her, the two scuffled, and Pierce ultimately forcibly inserted his fingers in the victim's vagina. Pierce then demanded money and the victim gave him twelve dollars, which was all the money she had in her purse. Pierce forcibly raped the victim and then requested more money. After the victim sent Pierce upstairs, she attempted to call 911. Pierce returned, took the phone, then became nervous and fled.

At the hospital, an examination revealed a variety of cuts and scrapes, bruises on the victim's shoulders, forearms, and lips, and tears in her vaginal area. Pierce was arrested in an unrelated case [1] and, while being questioned in that case, confessed to this crime. He was convicted of burglary, rape, criminal deviate conduct, robbery, and confinement, and found to be a habitual offender. Pierce was sentenced to fifty years for burglary, enhanced by thirty years for the habitual offender enhancement, to be served consecutively with twenty years for robbery. Sentences on the remainder of the convictions were to be served concurrently.

### I. Pierce's Confession

Pierce first challenges the admission of his confession, claiming that police deception rendered it involuntary. Specifically, he contends that a police officer, Detective Frazier, lied to him about a preliminary DNA match in the other investigation and this caused him to confess to both this crime and the other crime.

■ The decision to admit Pierce's statement is a matter of discretion of the trial court after considering the totality of the circumstances. *Ellis v. State*, 707 N.E.2d 797, 801 (Ind.1999). In reviewing a trial court's ruling as to the voluntariness of a confession, "we examine the record for substantial, probative evidence of voluntariness; we do not reweigh the evidence." *Horan v. State*, 682 N.E.2d 502, 510 (Ind. 1997).

■ Pierce's taped statement was given after an officer informed Pierce of his Miranda rights and Pierce signed a waiver form. Pierce's taped interview lasted two and one-half hours. The trial court ruled:

> [B]ased on the record that I have in front of me, and taking the statements as offers to prove, I find that this court in a different case has already ruled upon all of these issues after a thorough hearing, and the fact that this is an effort to suppress a statement that the alleged falsehoods did not actually pertain to, I think the original ruling of this court was accurate, and I am again going to deny the motion to suppress the Defendant's statements to the investigators during his custodial interrogation.

The determination that Pierce's statement should be admitted is supported by substantial evidence and is consistent with precedent.

Pierce makes substantially the same argument in this appeal as he made in his appeal of the earlier case. His claim here is somewhat weaker because the police deception—false claim of DNA identification—is related to the other crimes, not these. For that reason, as well as those given in Pierce's other appeal, *see Pierce v. State*, 761 N.E.2d 821, 2002 WL 118259 (Ind.2002), we find no reversible error in the admission of his confession.

---

1. The appeal in that case is handed down concurrently with this opinion. *Pierce v. State*, —— N.E.2d ——, 2002 WL 118259 (Ind. 2002). The two cases were tried independently and each has a separate record. It is coincidence that the two reached this Court within a few weeks of each other.

## II. Evidence of Pierce's Behavior While Giving a Statement

Pierce filed a motion in limine to exclude Detective Frazier's testimony that Pierce masturbated while giving his statements to police. The trial court denied the motion, stating that the evidence "does have some tendency to impact upon the jury's consideration of his intent in entering that residence, the fact that in a discussion of the incident, he was engaged in a sexual act...." Pierce claims that this testimony violated Indiana Rules of Evidence 403 and 404(b).

Evidence Rule 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." In assessing admissibility of 404(b) evidence the court must (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind.1997). The relevance and balancing issues are reviewed for an abuse of discretion. *Thompson v. State*, 690 N.E.2d 224, 233 (Ind.1997).

Frazier's testimony fails both prongs of the test. First, it does not fall under an exception to Rule 404(b). Unlike the State's claim, evidence that Pierce masturbated during his confession does not establish that he intended to rape the victim when he broke into her home. There appears to be no reason to admit this evidence other than to establish that Pierce has a propensity for bizarre behavior. We also agree with Pierce that the testimony was substantially more prejudicial than probative.[2] Accordingly, the trial court abused its discretion in admitting this evidence under a 404(b) analysis.

However, Pierce's conduct while confessing is certainly relevant to an assessment of the confession's reliability and voluntariness. The trial court did not address this issue. We do not need to determine whether those considerations are sufficient to admit this testimony because "[e]rrors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." *Fleener v. State*, 656 N.E.2d 1140, 1141 (Ind.1995); *see also* Ind. Trial Rule 61. In this case, there is significant, uncontested evidence of Pierce's guilt, including the victim's testimony that Pierce broke into her house, engaged in sexual deviate conduct, raped her, and robbed her. Pierce confessed to all of this. In light of this evidence, we cannot conclude that the erroneous admission of Frazier's testimony affected Pierce's substantial rights. It is not grounds for reversal.

## III. Double Jeopardy

Pierce finally contends that his multiple convictions violate the Indiana Double Jeopardy Clause. Ind. Const. art. I, § 14. Specifically, Pierce argues that he cannot be convicted of both burglary as a Class A felony and robbery as a Class B felony when both crimes are enhanced by

---

2. The State argues this testimony "was certainly not more prejudicial than [the victim's] testimony that Pierce broke into her house, performed sexual deviate conduct on her, robbed her, and raped her." Although this may be true, the State ignores the fact that this other evidence is highly relevant, unlike the testimony in question, and clearly satisfies the 403 test.

the same bodily injury.[3] The Indiana Double Jeopardy Clause prohibits multiple convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind.1999); *accord Wise v. State*, 719 N.E.2d 1192, 1201 (Ind.1999).

■ To convict Pierce of burglary as a Class A felony, the State must show that: (1) Pierce broke and entered (2) the victim's house (3) with the intent to commit a felony therein (4) resulting in either bodily injury or serious bodily injury. Ind.Code § 35–43–2–1 (1998). To convict Pierce for robbery as a Class B felony, the State must show that Pierce: (1) knowingly or intentionally (2) took money (3) from the presence of the victim (4) by use of force or threat of force and (5) while armed with a deadly weapon or resulting in bodily injury to the victim. *Id.* 35–42–5–1.

Each of these crimes includes evidence or facts not essential to the other. The taking of money supports the robbery and the breaking and entering supports the burglary, but neither is an element of the other crime. Nevertheless, we have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson. See Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring); *id.* at 57 (Boehm, J., concurring). Among these is the doctrine that where a burglary conviction is elevated to a Class A felony based on the same bodily injury that forms the basis of a Class B robbery conviction, the two cannot stand. *Cf. Campbell v. State*, 622 N.E.2d 495, 500 (Ind.1993) (battery and burglary)[4]; *Wolfe v. State*, 549 N.E.2d 1024, 1025 (Ind.1990) (attempted rape and robbery); *McDonald v. State*, 542 N.E.2d 552, 555–56 (Ind.1989) (two robberies). Accordingly, the robbery conviction is reduced to a C felony.[5]

**Conclusion**

This case is remanded to the trial court with instructions to reduce the robbery conviction to a Class C felony and impose a sentence of eight years on that count to be served consecutively with the previously imposed sentence of eighty years.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

**3.** The State concedes this argument.

**4.** Although *Campbell* was explicitly said to be superseded in the Court's opinion in *Richardson*, 717 N.E.2d at 49 n. 36, only Justice Dickson and the Chief Justice appear to have taken that view. Justice Sullivan concurred in *Richardson*, but authored a separate opinion that cited *Campbell*, apparently with approval. 717 N.E.2d at 56. The other two Justices did not comment on *Campbell*, but cited with approval other cases following the same doctrine.

**5.** The trial court imposed the maximum sentence of 100 years (fifty years for burglary enhanced by thirty years for the habitual offender enhancement to be served consecutively with twenty years for robbery), but as explained in Part III, the Class B felony robbery conviction must be reduced to a Class C felony. There is no need to remand for resentencing where it is sufficiently clear that the trial court would impose the maximum sentence for the Class C felony and order it served consecutively. *Cutter v. State*, 725 N.E.2d 401, 410 n. 4 (Ind.2000).