*666 RUCKER, Justice,
dissenting.
I agree with the majority's general observation that "while Double Jeopardy does govern claims about the elements of multiple counts, claims of multiple sentencing enhancements turn on statutory interpretation." Op. at 663 (internal citation omitted). And it is apparent that the Legislature explicitly directed multiple enhancement for knowingly or intentionally "us[ing]" a firearm in the commission of criminal confinement that has been elevated to a Class B felony where, among other things, the defendant was "armed" with a deadly weapon. This does not mean however that Nicoson's claim completely evades double jeopardy analysis. The Indiana double jeopardy clause prohibits multiple convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Richardson v. State, 717 N.E.2d 32, 53 (Ind.1999). The corollary to this proposition applies to multiple enhancements. More precisely, we recognize "a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson." Pierce v. State, 761 N.E.2d 826, 830 (Ind.2002). One such rule prohibits multiple enhancements, namely, "[cJonviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." Guyton v. State, 771 N.E.2d 1141, 1143 (Ind.2002) (quoting Richardson, 717 N.E.2d at 56 (Sullivan, J., concurring)).
In this case, the record shows Nicoson first stood in the street waving a handgun. As the victims' vehicle slowed, he reached inside the open window and pointed the handgun at the victims until they parked. Nicoson then fired the weapon in the air to encourage the victims to exit the vehicle, then ordered one victim to the ground by pointing a gun at his head and confined the other victim by pointing the weapon at his face and stomach. (Tr. at 79, 144-48, 171-73).
In sum, the relevant facts show that the Nicoson was "armed" with the firearm the entire time he was "us[ing]" it. Essentially there was no distinction between the two. In Richardson terms, the evidentia-ry facts the trial court relied on to find Nicoson guilty of Class B criminal confinement-specifically, the facts used to determine that Nicoson was "armed with a deadly weapon"-were the same facts used to find that he "used a firearm." In Guyton terms, the multiple enhancements were based on the "very same behavior." 771 N.E.2d at 1143. Either way the enhancements were prohibited. I would therefore reverse the judgment of the trial court on this issue and remand for resen-tencing.
SULLIVAN, J., joins.