## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 16 2015, 8:51 am
Kevin S. Smith
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Medley,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

October 16, 2015

Court of Appeals Case No.
49A02-1503-CR-178

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G19-1412-CM-56529

**Brown, Judge.**

[1] Jason Medley appeals his convictions for operating a vehicle while intoxicated endangering a person as a class A misdemeanor and operating a vehicle with an alcohol concentration equivalent ("ACE") of .15 or more as a class A misdemeanor. Medley raises two issues which we revise and restate as:

I. Whether his convictions violate double jeopardy principles; and

II. Whether the evidence is sufficient to sustain his convictions.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] On the evening of December 26, 2014, David Duchnowski was driving a Channel 13 news van on 16th Street and Shadeland Avenue in Marion County, Indiana, when he turned into the lane behind Medley, who was driving a pickup truck. While the two vehicles were stopped at a red light, Medley began backing his truck toward the van, stopped, but subsequently drifted further backward into the van. The crash caused some minor damage to the vehicles. Before Duchnowski could exit the van to observe the damage, Medley quickly exited his truck and approached him in an angry manner. Duchnowski observed that Medley appeared to be intoxicated and called 911.

[3] Officer Richard Lavish with the Indianapolis Metropolitan Police Department arrived at the scene, and Duchnowski explained to him what had happened and stated that he felt "that [Medley] needed to be off the streets [be]cause he appeared very intoxicated." Transcript at 13. Officer Lavish went to speak

with Medley, and when Medley opened the driver's side door of his truck Officer Lavish immediately observed the smell of alcohol emanating from inside. Officer Lavish observed that Medley's speech was very slurred and that he exhibited poor manual dexterity in gathering his documents for the crash report. Officer Lavish requested that a DUI car come to the scene.

[4] Lieutenant Mark McCardia subsequently arrived with the DUI car and asked Medley to step out of his truck, and Medley had to pull himself out, swaying and staggering. Lieutenant McCardia administered the horizontal gaze nystagmus test and Medley failed the test, exhibiting six out of six cues of intoxication. Medley told the officers that he had had approximately two beers and two more alcoholic drinks. Lieutenant McCardia thought that Medley was too intoxicated to take any further field sobriety tests without possibly injuring himself and offered to administer a certified chemical test, which Medley repeatedly refused. Medley was then arrested, placed in handcuffs, and became irate and disorderly. Lieutenant McCardia subsequently obtained a search warrant to test Medley's blood for the presence of ethyl alcohol, and the test revealed that his blood contained an alcohol concentration of .30 grams per 100 milliliters.

[5] On December 30, 2014, Medley was charged with Count I, operating a vehicle while intoxicated endangering a person as a class A misdemeanor, and Count II, operating a vehicle with an ACE of .15 or more as a class A misdemeanor. On March 2, 2015, the court held a bench trial in which evidence consistent with the foregoing was presented. The court found Medley guilty as charged

and sentenced him to 365 days, including thirty days executed followed by 335 days suspended to probation, concurrent on each count.

## *Discussion*

### I.

[6] The first issue is whether Medley's convictions violate double jeopardy principles. The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." IND. CONST. art. 1, § 14. The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).

[7] Under the actual evidence test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Lee v. State*, 892 N .E.2d 1231, 1234 (Ind. 2008). To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* The Indiana Supreme Court has determined the possibility to be remote and speculative and therefore not reasonable when

finding no sufficiently substantial likelihood that the fact-finder used the same evidentiary facts to establish the essential elements of two offenses. *Hopkins v. State*, 759 N.E.2d 633, 640 (Ind. 2001) (citing *Long v. State*, 743 N.E.2d 253, 261 (Ind. 2001), *reh'g denied*; *Redman v. State*, 743 N.E.2d 263, 268 (Ind. 2001)); *see also Griffin v. State*, 717 N.E.2d 73, 89 (Ind. 1999), *cert. denied*, 530 U.S. 1247, 120 S. Ct. 2697 (2000).

[8]     In addition, Indiana courts "have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*." *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002) (citing *Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring))). "Even where no constitutional violation has occurred, multiple convictions may nevertheless violate the 'rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson.'" *Vandergriff v. State*, 812 N.E.2d 1084, 1088 (Ind. Ct. App. 2004) (quoting *Pierce*, 761 N.E.2d at 830), *trans. denied*. As enumerated in Justice Sullivan's concurrence in *Richardson* and endorsed by the Indiana Supreme Court in *Guyton*, five additional categories of double jeopardy exist: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished; (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which

consists of the very same act as an element of another crime for which the defendant has been convicted and punished; (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. *See Guyton*, 771 N.E.2d at 1143; *Richardson*, 717 N.E.2d at 55-56 (Sullivan, J., concurring).

[9] Medley argues that his convictions were both based upon "[t]he same behavior – operating a vehicle while intoxicated . . . ." Appellant's Brief at 11. The State concedes that Medley's convictions under Counts I and II violate double jeopardy principles and requests that this court vacate one of the convictions. The State notes that this court may vacate either of Medley's convictions because both were charged as class A misdemeanors, and Medley received identical, concurrent sentences on each conviction.

[10] Based upon the State's concession and our review of the record, we conclude that Medley's convictions violate double jeopardy principles. A violation of double jeopardy principles requires that we vacate the conviction with the less severe penal consequences. *Moala v. State*, 969 N.E.2d 1061, 1065 (Ind. Ct. App. 2012). As noted by the State both convictions were class A misdemeanors, and Medley received identical sentences on each count. We elect to vacate the conviction under Count I for operating a vehicle while

intoxicated endangering a person as a class A misdemeanor and to leave Medley's conviction under Count II standing, and we remand to the trial court with instructions to enter an amended abstract of judgment and an amended sentencing order.

## II.

[11] The next issue is whether the evidence is sufficient to sustain Medley's convictions. Because we elect to vacate Medley's conviction under Count I, the only remaining conviction is for Count II, operating a vehicle with an ACE of .15 or more. Medley does not challenge the sufficiency of the evidence regarding Count II, instead arguing only that the State failed to prove the endangerment element under Count I. Thus, we find that Medley waived his challenge that the State failed to prove the elements of operating a vehicle with an ACE of .15 or more under Count II. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); *Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[12] Nevertheless, we observe that the offense of operating a vehicle with an ACE of .15 or more is governed by Ind. Code § 9-30-5-1(b), which provides in part that

"[a] person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per: (1) one hundred (100) milliliters of the person's blood . . . commits a Class A misdemeanor." Thus, to convict Medley under Count II, the State was required to prove that he operated a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths grams of alcohol per 100 milliliters of his blood.

[13] Our review of the record reveals that Medley was operating his vehicle when the rear of his vehicle impacted the news van. Officers arrested Medley and had a blood alcohol test performed, the results of which revealed that he had an ACE of .3 grams per 100 milliliters, which is double the alcohol concentration necessary to convict under the statute. We conclude that the State presented evidence of a probative nature from which the fact-finder could find beyond a reasonable doubt that Medley committed the offense of operating a vehicle with an ACE of .15 or more. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (noting that when reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and that we affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt" (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000))).

## *Conclusion*

[14] For the foregoing reasons, we affirm Medley's conviction of operating a vehicle with an ACE of .15 or more and remand with instructions that the court vacate

his conviction for operating a vehicle while intoxicated endangering a person based upon double jeopardy principles.

[15] Affirmed in part, reversed in part, and remanded.

Riley, J., and Altice, J., concur.