## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Coby Crowe,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 23, 2016

Court of Appeals Cause No.
49A05-1509-CR-1485

Appeal from the Marion Superior Court

The Honorable William Nelson, Judge

Trial Court Cause No.
49F18-1403-FD-15204

**Barnes, Judge.**

# Case Summary

[1] Coby Crowe appeals his convictions for Class D felony dealing in a sawed-off shotgun and Class A misdemeanor pointing a firearm. We affirm.

# Issue

[2] Crowe raises one issue, which we restate as whether his convictions for Class D felony dealing in a sawed-off shotgun and Class A misdemeanor pointing a firearm violate the prohibition against double jeopardy.

# Facts

[3] On March 24, 2014, Donesha Jackson was retrieving an item from her car when Crowe stopped his car near her. Crowe pointed a large gun at Jackson, said, "What's up now, m-f'er," and pulled the trigger several times. Tr. p. 10. Jackson could see Crowe's finger moving and could hear the gun clicking, but the gun did not fire. Jackson ran and hid behind a dumpster, and Crowe drove his vehicle near the dumpster. Jackson heard the clicking noise again, but the gun did not fire. She then ran into the house and called 911.

[4] The police located Crowe, and he had a sawed-off shotgun in the vehicle and marijuana in his pocket. The State charged Crowe with Class D felony dealing in a sawed-off shotgun, Class A misdemeanor pointing a firearm, and Class A misdemeanor possession of marijuana. After a bench trial, the trial court found Crowe guilty as charged. The trial court sentenced him to 1095 days in the Department of Correction with 365 days suspended to probation. Crowe now appeals.

# Analysis

Crowe argues that his convictions for Class D felony dealing in a sawed-off shotgun and Class A misdemeanor pointing a firearm violate the prohibition against double jeopardy. According to Crowe, he "would have to commit the lesser offense of possession of a sawed-off shotgun in order to commit the greater offense of pointing a sawed-off shotgun." Appellant's Br. p. 11. Crowe requests that we vacate his conviction for Class D felony dealing in a sawed-off shotgun.

Article 1, Section 14 of the Indiana Constitution prohibits double jeopardy, providing that "[n]o person shall be put in jeopardy twice for the same offense." In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our supreme court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013). "In addition to the instances covered by *Richardson*, 'we have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002)). "Even where no constitutional violation has occurred, multiple convictions may nevertheless violate the 'rules of statutory construction and common law that are often described as double

jeopardy, but are not governed by the constitutional test set forth in *Richardson.*'" *Vandergriff v. State*, 812 N.E.2d 1084, 1088 (Ind. Ct. App. 2004) (quoting *Pierce*, 761 N.E.2d at 830), *trans. denied*. These rules fall under broader categories set forth by Justice Sullivan in his concurring opinion in *Richardson* and include the "[c]onviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished." *Id.*

[7] Indiana Code Section 35-38-1-6 "reinforces" the double jeopardy rule that prohibits a trial court "from sentencing a defendant for an offense and a lesser included offense charged in separate counts." *Hopkins v. State*, 759 N.E.2d 633, 639 (Ind. 2001). Specifically, Indiana Code Section 35-38-1-6 provides that if a defendant is charged with an offense and an included offense in separate counts and is found guilty of both counts, "judgment and sentence may not be entered against the defendant for the included offense." "Included offense" means an offense that:

> (1)    is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

> (2)    consists of an attempt to commit the offense charged or an offense otherwise included therein; or

> (3)    differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Ind. Code § 35-31.5-2-168. A lesser-included offense is necessarily included within the greater offense if it is impossible to commit the greater offense without first having committed the lesser offense. *Zachary v. State*, 469 N.E.2d 744, 749 (Ind. 1984). If the evidence indicates that one crime is independent of another crime, it is not an included offense. *Iddings v. State*, 772 N.E.2d 1006, 1017 (Ind. Ct. App. 2002), *trans. denied*.

[8] At the time of Crowe's offense, Indiana Code Section 35-47-5-4.1[1] provided that a person who possessed "any sawed-off shotgun commits dealing in a sawed-off shotgun, a Class D felony." On the other hand, Indiana Code Section 35-47-4-3(b) provided: "A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." We conclude that dealing in a sawed-off shotgun is not a lesser included offense of pointing a firearm. The dealing in a sawed-off shotgun offense required proof that Crowe possessed a sawed-off shotgun while the pointing a firearm offense required proof that Crowe pointed a firearm at someone. The dealing in a sawed-off shotgun offense is not established by proof of the same material elements or less than all the material elements required to establish the commission of the pointing a firearm offense. Crowe's argument fails. *See, e.g., Armstrong v. State*, 742 N.E.2d 972, 978 (Ind. Ct. App. 2001) (holding that no double jeopardy violation occurred by the defendant's conviction for Class D felony pointing a

---

[1] Repealed by Pub. L. No. 84-2015, § 4 (eff. July 1, 2015).

firearm and Class A misdemeanor carrying a handgun without a license); *Mickens v. State*, 742 N.E.2d 927, 931 (Ind. 2001) ("Carrying the gun along the street was one crime and using it was another.").

## Conclusion

[9] The prohibition against double jeopardy is not violated by Crowe's convictions for Class D felony dealing in a sawed-off shotgun and Class A misdemeanor pointing a firearm. We affirm.

[10] Affirmed.

Vaidik, C.J., and Mathias, J., concur.