

FILED

Sep 08 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy P. Broden<br>Lafayette, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Matthew B. MacKenzie<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven W. Rowland,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 8, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2761<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Sarah M. Wyatt,<br>Judge Pro Tempore<br><br>Trial Court Cause No.<br>79D04-1807-F6-985 |

**Rucker, Senior Judge.**

## Case Summary

[1]     After a bench trial Steven W. Rowland was convicted of possession of a narcotic drug, possession of marijuana, and possession of paraphernalia. He now appeals contending his convictions for the latter two offenses violate the

Double Jeopardy provisions of the Indiana Constitution. We disagree and affirm.

## Facts and Procedural History

Shortly after midnight on July 7, 2018 officers of the Lafayette Police Department responded to a 911 call for a wellness check. Someone appeared to be asleep in a car with the motor running and parked near a dumpster at an apartment complex. Officer Shawna Wainscott was the first officer to arrive on the scene. She located Rowland slumped over in the driver's seat of a gray Lexus automobile with its motor running and headlights on. While waiting for back-up to arrive Officer Wainscott ran a check of the car's license plate which revealed the plate was expired. Officers Israel Salazar and Matthew Santerre arrived soon thereafter. Officer Wainscott tapped on the window of the passenger side of the car. The driver sat up and talked with Officer Wainscott telling her he was texting on his cell phone which Officer Wainscott observed in Rowland's hand. The officers concluded Rowland was not asleep and noted he showed no signs of intoxication or medical distress.

At that point Rowland was free to leave. But the officers informed Rowland that because of the expired plate if he drove the car then there was a possibility he could be pulled over, receive a ticket, and the car towed. Rowland then asked if he could back the car into a parking space and the officers agreed. Officer Salazar assisted Rowland in backing his vehicle into the space by illuminating the area with his flashlight. Walking alongside as Rowland backed

up, Officer Salazar shined his flashlight into the car.  Doing so he saw on the center console a plastic baggie with a white substance.  Based on his training and experience Officer Salazar suspected the baggie contained heroin.  Officer Salazar then directed Rowland to exit the vehicle which the officer then searched.  During the search, Officer Salazar discovered bottles of prescription medications, a green leafy substance which he believed was marijuana, pipes used to consume controlled substances, and additional baggies of suspected heroin inside a container attached to Rowland's keychain.  The green leafy substance field tested positive for marijuana and after a laboratory examination the substance in the baggies tested positive for heroin.

[4] The State charged Rowland with Count I Possession of a Narcotic Drug, as a Level 6 Felony;[1] Count II Possession of Marijuana, a Class B Misdemeanor;[2] and Count III Possession of Paraphernalia, a Class C Misdemeanor.[3]  After several delays and an intervening hearing on Rowland's motion to suppress evidence, this case proceeded to a bench trial on September 20, 2019.  At the close of which the trial court found Rowland guilty on all counts.

[5] At the November 8, 2019 sentencing hearing the trial court sentenced Rowland to one and one-half (1 ½) years on Count I; one hundred eighty (180) days on

---

[1] Ind. Code § 35-48-4-6(a) (2014).

[2] Ind. Code § 35-48-4-11(a)(1) (2018).

[3] Ind. Code § 35-48-4-8.3(b)(1) (2015).

Count II; and sixty (60) days on Count III. All sentences were ordered to be served concurrently with one hundred eighty (180) days executed through a community corrections program and the balance of one (1) year suspended to probation. This appeal followed. Additional facts are set forth below.

## Discussion and Decision

### I.

Rowland contends his convictions for possession of marijuana and possession of paraphernalia violate Indiana's Double Jeopardy Clause. Article 1, Section 14 of the Indiana Constitution provides "No person shall be put in jeopardy twice for the same offense." In support of his contention Rowland relies on *Richardson v. State*, in which our Supreme Court announced "two or more offenses are the 'same offense' in violation of Article I Section 14 of the Indiana Constitution if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). Rowland challenges his dual convictions under the *Richardson* actual evidence test.

However, while this case was pending on appeal our Supreme Court declared "we expressly overrule the *Richardson* constitutional tests in resolving claims of substantive double jeopardy." *Wadle v. State*, ___ N.E.3d ___ (Ind. 2020), 2020 WL 4782698 *1. In so doing it observed that the *Richardson* tests "have proved largely untenable, ultimately forcing the Court to retreat from its all-inclusive

analytical framework.  What we're left with today is a patchwork of conflicting precedent and inconsistent standards, ultimately depriving the Indiana bench and bar of proper guidance in this area of the law."  *Id.*

[8]     In lieu of *Richardson* the Court adopted an analytical framework that applies statutory rules of construction.  More specifically, the Court explained:

> This framework, which applies when a defendant's single act or transaction implicates multiple criminal statutes (rather than a single statute), consists of a two-part inquiry:  First, a court must determine, under our included-offense statutes, whether one charged offense encompasses another charged offense.  Second, a court must look at the underlying facts–as alleged in the information and as adduced at trial–to determine whether the charged offenses are the 'same.'  If the facts show two separate and distinct crimes, there's no violation of substantive double jeopardy, even if one offense is, by definition, 'included' in the other.  But if the facts show only a single continuous crime, and one statutory offense is included in the other, then the presumption is that the legislation intends for alternative (rather than cumulative) sanctions.

*Wadle* at * 1.  Applying the forgoing framework here, an "included offense" as defined by our legislature, is an offense that:  (1)"is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged," (2) "consists of an attempt to commit the offense charged or an offense otherwise included therein," or (3) "differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission."  Ind. Code § 35-31.5-2-168 (2012).  "If neither offense is an included offense of the other (either inherently or as charged), there is no violation of double jeopardy."  *Wadle* at *12.

[9] In order to convict Rowland of possession of marijuana as a Class B misdemeanor the State was required to prove that he "(1) knowingly or intentionally possesse[d] (pure or adulterated) marijuana . . . ." Ind. Code § 35-48-4-11(a)(1). And to convict Rowland of possession of paraphernalia as a Class C misdemeanor the State was required to prove that he "knowingly or intentionally possesse[d] an instrument, a device, or another object that the person intends to use for: (1) introducing into the person's body a controlled substance." Ind. Code § 35-48-4-8.3(b)(1). The charging information in this case tracked the language of the statute. Appellant's App. Vol II pp. 55-56.

[10] Each of these offenses is separate and distinct. They include evidence or facts not material to the other. The green leafy substance supports the marijuana charge and the instrument, device or another object – in this case several pipes – supports the paraphernalia charge. Neither is an element of the other. Further, the offenses do not involve an attempt crime, and the inherent differences between the two offenses extend beyond concerns of a less serious harm or risk of harm. In sum, under the included offense statute neither possession of marijuana nor possession of paraphernalia is an included offense of the other. Further, as charged, neither offense is an included offense of the other. Thus, Rowland's Double Jeopardy claim fails.

## II.

[11] Although overruling the *Richardson* Constitutional tests in resolving claims of substantive double jeopardy, the *Wadle* Court appears to have left undisturbed

the "long adhered to [] series of rules of statutory construction and common law that are often described as double jeopardy but are not governed by the constitutional test set forth in *Richardson*." *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). One such rule our Supreme Court has identified is the very same act test. *Bradley v. State*, 113 N.E.3d 742, 751 (Ind. Ct. App. 2018), *trans. denied*. This test applies "when the defendant's 'behavior' underlying one offense is 'coextensive with the behavior . . . necessary to establish an element of'" another offense. *Id*. at 752 (quoting *Taylor v. State*, 101 N.E.3d 865, 872 Ind. Ct. App. 2018)); *see also Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (giving the example of a battery conviction vacated because the information showed that the identical touching was the basis of a second battery conviction).

[12] Rowland invokes the "very same act" rule contending "the behavior underlying his commission of the offense of possession of marijuana was coextensive with that underlying his commission of the offense of possession of paraphernalia." Appellant's Br. p. 8. This contention is based on evidence that marijuana was located inside one of the pipes. For example, when shown State's Exhibit 3 and asked by the deputy prosecutor "What's in this photo" Officer Salazar responded: "Those are paraphernalia pipes that had marijuana in them and then next to them are the screens that they use to filter the material." Tr. Vol. 2 p. 64. According to Rowland "had the pipes in question contained only tobacco . . . the State would not likely have been able to persuade the trier of

fact that they met the statutory definition of 'paraphernalia.'" Appellant's Br. p. 11.

[13] In short Rowland's position is that the marijuana found in one of the pipes established the instrument as paraphernalia and this was the same marijuana providing the bases for the marijuana possession charge. First the record is not entirely clear that all of the marijuana seized by the officers was found in the pipes. Prior to asking Officer Salazar about State's Exhibit 3—as recounted above—the deputy prosecutor asked Officer Salazar "What did you find when searching the car?" He responded, "Prescription medications, some marijuana, paraphernalia, pipes and then a pill canister on his car keys that had two bags of heroin and I believe that was all." Tr. Vol 2, pp. 62, 63. This testimony suggests that any marijuana found in the pipes was separate and distinct from the additional marijuana found in the car.[4] In any event the notion that the presence of marijuana in the pipes was important in establishing the instruments as paraphernalia is pure speculation. Nothing in the record says anything about how the conclusion was reached that the pipes satisfied the definition of paraphernalia. Indeed, their physical appearance and proximity to

---

[4] We also so note that during testimony at Rowland's motion to suppress hearing, when asked "What did you find when searching the car?" Officer Salazar responded, "There was a silver canister on his keys that had more heroin. There was a bunch of prescription pills that he had and *there was marijuana and pipes with marijuana in it* in the center console." Tr. Vol 2, p.18 (emphasis added).

the heroin may very well have been factors in that regard. This point was not pursued at trial.

[14] Based on the record before us we conclude Rowland's behavior of possessing marijuana was separate and distinct from his behavior of possessing paraphernalia. The very same act test "does not arise in situations where the subject behavior or harm is either separate from or more extensive than that necessary to constitute the element of the first crime." *Oeth v. State*, 775 N.E.2d 696, 703 (Ind. Ct. App. 2002), *trans. denied*.

# Conclusion

[15] We affirm the judgment of the trial court.

Kirsch, J., and Altice, J., concur.